UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TRAVELERS INDEMINITY COMPANY OF AMERICA and TRAVELERS INDEMNITY COMPANY,<br><br>  Plaintiffs,<br><br>v.<br><br>BERNARD TEW, et al.,<br><br>  Defendants. | Civil Case No.<br>5:20-cv-292-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter stems from several lawsuits filed by Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, against Defendants Bernard Tew, Andrea Tew, Vincent Tew, Stephanie Tew, and Tew LP alleging their involvement in a tax refund fraud scheme. Unlike Defendants past cases, the present action was not brought by SKAT. Instead, Plaintiffs Travelers Indemnity Company of America and Travelers Indemnity Company (collectively "Travelers") brought the present action requesting a declaration of whether the claims asserted by SKAT against Defendants in what will hereinafter be referred to as the "SKAT actions" are covered by the insurance policies Travelers issued to Bernard Tew, Andrew Tew, and Tew LP requiring Travelers to defend and indemnify Defendants in their SKAT actions in the United States District Court for the Southern District of New York and whether the claims by Bernard Tew and Tew LP for compensation

for alleged lost investment income are covered. [DE 12]. Defendants then filed a Counterclaim [DE 16] seeking declaratory relief and alleging breach of contract. Presently before the Court are Defendants' Motion for Declaratory Judgment [DE 28] and Travelers' Motion for Summary Judgment [DE 29]. For the reasons set forth below, Defendants' Motion for Declaratory Judgment [DE 28] will be denied, and Travelers' Motion for Summary Judgment [DE 29] will be granted.

## I. DISCUSSION

Pursuant to the Declaratory Judgment Act, "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). However, this provision "does not provide for its own subject matter jurisdiction; the plaintiff must establish that the district court has either diversity jurisdiction or federal question jurisdiction before the Court will entertain a declaratory action." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 691 (E.D. Ky. 2002). In the present case, Travelers alleges Defendants are all either Kentucky citizens or have their principal place of business in Kentucky, Travelers is an insurer organized under the laws of Connecticut and has a principal place of business in Connecticut, and the amount in controversy exceeds $75,000, exclusive of interest and costs. [DE 12]. Accordingly, there is

2

diversity jurisdiction to resolve this action under 28 U.S.C. § 1332(a).

"Once the Court has determined that subject matter jurisdiction exists, it must evaluate whether this case is appropriate for declaratory judgment pursuant to the Declaratory Judgment Act." *Brotherhood*, 200 F. Supp. 2d at 692. The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id.* at 282.

In deciding whether a case is appropriate for declaratory judgment, the principal criteria are (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986)

3

(citing *Grand Trunk W. R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

Here, declaratory judgment would settle the controversy, would serve a useful purpose in clarifying the legal relations at issue, and would not improperly encroach on state jurisdiction. Moreover, it neither appears that a declaratory judgment is being sought for any improper purpose nor that there is an alternative remedy that would be better or more effective. Accordingly, this is an appropriate case for declaratory judgment.

In addition to Defendants' Motion for Declaratory Judgment [DE 28], Travelers' moves for summary judgment, [DE 29]. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "The central issue is 'whether the evidence presents a sufficient

4

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pennington,* 553 F.3d at 450 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

The Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Pennington v. State Farm Mut. Automobile Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475

5

U.S. 574, 587 (1986)). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

In a diversity action such as this one, the Court applies "the substantive law of the forum state and federal procedural law." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014). *See also Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000); Fed. R. Civ. P. 57. Accordingly, Defendants' Motion for Declaratory Judgment [DE 28] and Travelers' Motion for Summary Judgment [DE 29] will be evaluated under Kentucky substantive law and the Federal Rules of Civil Procedure.

In Kentucky, the "[i]nterpretation and construction of an insurance contract is a matter of law for the court." *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky. 2002) (citing *Morganfield National Bank v. Damien Elder & Sons,* Ky., 836 S.W.2d 893, 895 (1992); *Stone v. Kentucky Farm Bureau Mutual Insurance Company,* 34 S.W.3d 809, 810 (Ky. Ct. App. 2000)). "Where the contract's language is clear and unambiguous, the agreement is to be given effect according to its terms, and '[the] court will interpret the contract's terms by assigning

6

language its ordinary meaning and without resort to extrinsic evidence.'" *Smithfield Farms, LLC v. Riverside Developers, LLC*, 566 S.W.3d 566, 570 (Ky. Ct. App. 2018) (quoting *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003)). "[T]he party seeking to establish coverage bears the burden of establishing that the incident at issue was within the scope of the policy." *Secura Ins. Co. v. Gray Const., Inc.*, 717 F. Supp. 2d 710, 714-15 (W.D. Ky. 2010) (citing *North American Acc. Ins. Co. v. White,* 258 Ky. 513, 80 S.W.2d 577, 578 (Ky. 1935)). However, the burden then shifts to the insurer to establish that an exclusion bars coverage. *Id*. at 715 (citing *Travelers Property Cas. Co. of America v. B & W Resources, Inc.,* No. 6:05-CV-355 KKC, 2006 WL 3068810, at *4 (E.D.Ky. Oct. 26, 2006)). "Once the insurer has shown that application of an exclusion, the burden shifts back to the insured." *Id*. (citing *Travelers Property Cas. Co. of America,* 2006 WL 3068810, at *4).

"The Kentucky Supreme Court has set forth two principles of insurance contract interpretation: '(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective.'" *Id*. (quoting *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney,* 831 S.W.2d 164, 166 (Ky. 1992)). This rule of liberal construction does not mean every doubt must be resolved against the insurer. Instead, "the policy must

7

receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward, Inc.,* 870 S.W.2d 223, 226 (Ky. 1994); *see also Stone,* 34 S.W.3d at 811. In construing an insurance policy, the policy should be considered as a whole. *Sun Life Ins. Co. v. Taylor,* 56 S.W. 668 (Ky. 1900).

Here, out of the fifteen complaints filed against Defendants by SKAT, Defendants assert, and Travelers agrees, that Defendants are now only seeking reimbursement of defense costs incurred in the defense of five of the SKAT complaints and damages they incurred because of Travelers' failure to assist them with their defense.[1] [DE 30, at 2-3; DE 34, at 3]. Defendants do not seek

---

[1] Defendants specify that the five SKAT complaints at issue are as follows:

(1) *SKAT v. Tew LP Retirement Plan and Vincent Tew,* 5:18-CV-00400-DCR in the United States District Court for the Eastern District of Kentucky as Amended by *SKAT v. Tew LP Retirement Plan and Vincent Tew,* 1:18-cv-09492-LAK DN 74 in the United States District Court for the Southern District of New York;
(2) *SKAT v. Tew Enterprises, LLC Retirement Plan & Andrea Tew*, 5:18-CV-00401-DCR in the United States District Court for the Eastern District of Kentucky as Amended by *SKAT v. Tew Enterprises, LLC Retirement Plant & Andrea Tew* 1:18-cv-09494-LAK DN 71 in the United States District Court for the Southern District of New York;
(3) *SKAT v. SV Holding, LLC Retirement Plan and Stephanie Tew*, 5:18-CV-00404-DCR in the United States District Court for the Eastern District of Kentucky as Amended by *SKAT v. SV Holding, LLC Retirement Plan and Stephanie Tew*, 1:18-cv-09509-LAK DN 71 in the United States District Court for the Southern District of New York;
(4) *SKAT v. Bluegrass Retirement Group Trust, Bluegrass Investment Management, LLC and Bernard Tew,* 5:18-CV-00406-DCR in the United States District Court for the Eastern District of Kentucky as Amended by *SKAT v. Bluegrass Retirement Group Trust, Bluegrass Investment Management, LLC and Bernard Tew* 1:18-cv-09511-LAK DN74 in the United States District Court for the Southern District of New York; and
(5) *SKAT v. Bluegrass Investment Management, LLC Retirement Plan and Bernard Tew,* 5:18-CV-00407-DCR in the United States District Court for the Eastern

reimbursement of defense costs in the other SKAT cases and agree with Travelers that the issue of indemnity is moot because the claims against Defendants have been resolved. *Id*. The Parties agree the only remaining issues are (1) whether the five SKAT complaints triggered an obligation to defend under the policies issued by Travelers; (2) whether Travelers must reimburse Defendants for defense costs; and (3) whether Defendants are entitled to damages for Travelers' alleged failure to defend. [DE 30, at 4; DE 34, at 5; DE 38, at 2].

### A. DUTY TO DEFEND

"'Under Kentucky law, an insurer's duty to defend is broader than its duty to indemnify, and consequently, if there is no duty to defend, then there is no duty to indemnify.'" *Ohio Sec. Ins. Co. v. Rockford Auto., Inc.*, 509 F. Supp. 3d 960, 964 (W.D. Ky. 2020) (quoting *Auto Club Prop.-Cas. Ins. Co. v. Adler*, No. 1:14-CV-00046-JHM, 2015 WL 4934200, at *3 (W.D. Ky. Aug. 18, 2015)); *see also Nautilus Ins. Co. v. Structure Builders & Riggers Mach. Moving Div., LLC*, 784 F. Supp. 2d 767, 771 (E.D. Ky. 2011); *United Specialty Insurance Company v. Cole's Place Inc.*, 936 F.3d 386, 403 (6th Cir. 2019). "Kentucky courts determine whether an insurer

---

District of Kentucky as Amended by *SKAT v. Bluegrass Investment Management, LLC Retirement Plan and Bernard Tew* 1:18-cv-09515-LAK DN72 in the United States District Court for the Southern District of New York.

9

has a duty to defend its insured by comparing the language of the underlying complaint to the terms of the policy." *Id.* (citing *Auto Club Prop.-Cas.*, 2015 WL 4934200, at *3). "Insurers must provide a defense in a suit if any of the allegations potentially, possibly, or might be covered." *Id.* (citing *Aetna Cas. & Surety Co. v. Kentucky*, 179 S.W.3d 830, 841 (Ky. 2005)). "'[A]llegations in a complaint are not by themselves sufficient to trigger the duty to defend, but rather, the obligation to defend arises out [of] the language of the insurance contract.'" *Id.* (quoting *DiBeneditto v. Med. Protective Co.*, 3 F. App'x 483, 485 (6th Cir. 2001)). "If the insurer makes a determination that the claim is not covered under the policy, it may either defend the claim under a reservation of rights or refuse to defend the claim." *Id.* (citing *Aetna Cas. & Sur.*, 179 S.W.3d at 841). "'However, should coverage be found, the insurer will be liable for all damages naturally flowing from the failure to provide a defense.'" *Id.*

Here, Defendants do not argue they were entitled to coverage under any policy for the fraud claims alleged by SKAT. Instead, they contend, "Travelers was obligated to provide a defense because the negligence allegations *possibly* fall within the scope of coverage afforded by the Travelers' policies." [DE 28-1, at 7 (emphasis added)]. Specifically, the claims arise from allegations of negligent misrepresentation that were alleged against Defendants in each of the complaints filed in the SKAT actions.

10

The policies at issue in this case state that Travelers will have the right and duty to defend the insured Defendants against any suit seeking damages for "bodily injury" or "property damage." *See* [DE 28-1, at 15; DE 29-1, at 13]. Under the policies, the following relevant terms are defined as follows:

> 'Bodily injury' means bodily injury, sickness or disease sustained by a person and includes death resulting from any of these at any time.
> …
> "Occurrence" means ***an accident***, including continuous or repeated exposure to substantially the same general harmful conditions.
> …
> "Property damage" means:
> a. ***Physical injury to tangible property***, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> b. ***Loss of use of tangible property*** that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

[DE 29-1, at 13]; *see also* [DE 28-1, at 16].

Defendants do not assert that the SKAT complaints alleged there was a bodily injury or physical injury to tangible property. *See* [DE 28-1, at 17]. Instead, Defendants argue, "the SKAT Complaints can be read to allege a loss of use of tangible property that is not physically injured, that was caused by an 'occurrence.'" *Id*. Specifically, Defendants posit the following:

> [E]ach of the Complaints makes an allegation to the effect that, "[t]he Authorized Representatives of the claimants, such as Defendant Tew, who, among other things, executed at the direction of, and on behalf of, the claimants' documents authorizing the Payment Agents to submit the claimants' tax refund claims and to receive

11

Case: 5:20-cv-00292-JMH-MAS   Doc #: 40   Filed: 11/17/21   Page: 12 of 14 - Page ID#: 3394

> from SKAT payments in respect of those claims;" and that "[t]he Defendants did know *or should have known* that these arrangements would cause SKAT to make payments to which the Defendants were not entitled." The allegations can certainly be read to indicate that SKAT is alleging that each of the individuals accidentally submitted inaccurate paperwork that resulted in a tax refund payment to a retirement fund that was improper.

*Id*. at 17-18. In sum, Defendants ask the Court to find that an improper payment of a tax refund constitutes a loss of tangible property, i.e., money. *Id*. at 18.

The policies do not define the term "tangible property." However, Black's Law Dictionary defines "tangible property" as "[t]hat which may be felt or touched, and is necessarily corporeal, although it may be either real or personal." <u>Black's Law Dictionary</u> 1627 (Revised 4th Ed. 1968). On the other hand, "intangible property" is defined as "such property as has no intrinsic and marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, and franchises." *Id*. at 946. In essence, tangible property is something physical with intrinsic value, whereas intangible property represents value.

Kentucky state courts have not addressed whether the loss of money constitutes the loss of tangible property. However, courts in other jurisdictions have found that the loss of money does not equate to the loss of tangible property. *See Travelers Indem. Co. of Am. V. Coleman Auto. of Columbia, LLC*, 236 F. Supp. 2d 513,

12

515-16 (D. Md. 2002) ("It is clear law that a loss of money by way of fraud or trick, or other purely economic loss resulting from the insured's conduct, without any damage or injury to tangible property, is not an 'accident' or 'property damage' as defined by this and other such policies."); *Mack v. Nationwide Mut. Fire Ins. Co.*, 517 S.E.2d 839, 840-41 (Ga. Ct. App. 1999) (finding money is not tangible property because it "exists only as a number recorded on a computer" and "[t]he coins and notes which represent money are of little intrinsic value compared to the wealth they represent").

Here, the Court agrees money is not tangible property. Instead, money is intangible property, as it does nothing more than represent value while having no intrinsic value of its own. This is exemplified by the fact that money can be deposited and transferred electronically, which unquestionably makes money intangible. That money may also come in a physical form, such as a United States Dollar, or in this case, a Danish Kroner, is inconsequential regarding whether money is tangible property because the tangible embodiment of money can be converted to an inarguably intangible medium without losing its value, meaning the Danish Kroner itself is not what has value. Since money is not tangible property, there was no loss of tangible property triggering Travelers' duty to defend and, thus, no breach of that

duty entitling Defendants to either defense costs or damages. For the forgoing reasons,

**IT IS ORDERED** as follows:

(1) Defendants' Motion for Declaratory Judgment [DE 28] is **DENIED;**

(2) Travelers' Motion for Summary Judgment [DE 29] is **GRANTED;**

(3) Travelers is obligated neither to defend nor indemnify Bernard Tew, Andrea Tew, Vincent Tew, Stephanie Tew and Tew LP for any claims asserted against them in the underlying SKAT actions;

(4) All claims asserted in Defendants' Counterclaim [DE 16] are **DISMISSED WITH PREJUDICE;**

(5) This action is **STRICKEN** from the Court's active docket; and

(6) Judgment **SHALL** be entered contemporaneously with this Memorandum Opinion and Order.

This 17th day of November, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge